# EXHIBIT A



**NEW YORK** STATE OF OPPORTUNITY. | **Department of Financial Services**

**KATHY HOCHUL**
Governor

**ADRIENNE A. HARRIS**
Superintendent

STATE OF NEW YORK
Supreme Court, County Of New York

...................................................................................................

Cupsoul, LLC                                                                Plaintiff(s)                        654467/2023

against

                                                                                            Defendant(s)

United States Liability Insurance Company

...................................................................................................

RE :United States Liability Insurance Company

Attorney for Plaintiff(s) and Defendant(s) please take notice as follows:

Attorney for Plaintiff(s) is hereby advised of acknowledgement of service upon this Department
Summons With Complaint, Complaint in the above entitled action on September 18, 2023 at Albany,
New York. The $40.00 fee is also acknowledged.

Original to Attorney for Plaintiff(s):

  Turturro Law, P.C.
  1361 North Railroad Avenue
  Staten Island, New York 10306

Pursuant to the requirement of section 1212 of the Insurance Law, Defendant(s) is hereby notified of
service as effected above. A copy of the paper is enclosed.

Duplicate to Defendant:

  Attn: Shelley Palma
  United States Liability Insurance Company
  1190 Devon Park Drive
  Wayne, Pennsylvania 19087

**Rawle Lewis**
**Director of Producer Licensing**

Dated Albany, New York, September 21, 2023
722550                          alic0tws

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
-------------------------------------------------------------------------------X

CUPSOUL, LLC

                                                    Plaintiff,

                         -against-


UNITED STATES LIABILITY INSURANCE CO.


                                                    Defendants.

-------------------------------------------------------------------------------X

Date Summons Filed: 9-13-2023

Index No.:

Plaintiff designates New York County as place of Trial. Basis of Venue is CPLR § 503

**SUMMONS WITH COMPLAINT**

Plaintiff resides at:
200 East 16th Street,
New York, NY 10003

*To the above-named Defendant*:

United States Liability Insurance Co.
1190 Devon Park Drive, PO BOX 6700,
Wayne, PA, 19087

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons to serve a notice of appearance, on the Plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: September 13, 2023
       Staten Island, NY

                                          **TURTURRO LAW, P.C.**

                                          BY:/s/ *Natraj S. Bhushan*

                                          Natraj S. Bhushan, Esq.
                                          1361 N. Railroad Avenue
                                          Staten Island, NY 10306
                                          (718) 384-2323
                                          natraj@turturrolawpc.com
                                          *Attorneys for Plaintiff*

1

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
--------------------------------------------------------------------------------X
CUPSOUL, LLC

                                    Plaintiff,                                **COMPLAINT**

              -against-

                                                                             Index No.:

UNITED STATES LIABILITY INSURANCE CO.


                                    Defendants.

--------------------------------------------------------------------------------X

       Plaintiff Cupsoul, LLC ("Cupsoul" or "Plaintiff"), by and through its attorneys, Turturro

Law P.C., as for its complaint against United States Liability Insurance Company ("USLI" or

"Defendant"), alleges as follows:

                                   **THE PARTIES**

1. At all times referred to herein, Plaintiff is a limited liability company duly formed under

   the laws of New York and incorporated in New York with its principal place of business

   located at 200 East 16th Street, New York, NY 10003.

2. Upon information and belief, Defendant USLI is a corporation formed under the laws of

   Pennsylvania with its principal place of business located at 1190 Devon Park Drive, PO

   BOX 6700, Wayne, PA, 19087. Upon information and belief Defendant is an insurance

   company and a subsidiary of multinational conglomerate, Berkshire Hathaway Inc.

2

## JURISDICTION AND VENUE

3.  This court has subject matter jurisdiction over this action pursuant to Section 140-b of the New York Judiciary Law, which provides that the Supreme Court of New York has general jurisdiction.

4.  New York County is proper pursuant to CPLR§§ 301 and 503 as it is where the Plaintiff resides, and where the insured premises in question is located.

## BACKGROUND FACTS

5.  Pursuant to Policy Number, CP 1768339 with effective dates of September 30, 2021 to September 30, 2022, Defendant issued an insurance policy to Plaintiff, which provided "bodily injury" coverage in Section 1- Coverage, 1.a. to "occurrences" that takes place in the "coverage territory" (i.e., the leased premises located at 165 3rd Avenue, NY, NY).

6.  In connection with a personal injury lawsuit commenced on September 2, 2022 by Hugo Garcia-Guzman ("Garcia") as against Cupsoul, 200 East 16th Street Housing Corporation, Orsid Realty Corp., and Bruni Electric, Inc. that is presently pending in this Court under the caption and index number *Hugo Garcia-Guzman v. 200 East 16th Street Housing Corporation, et al., Index No: 157512/2022 (Sup.Ct., N.Y. Cty.) ("Lawsuit")*, upon being served with the Verified Complaint in the Lawsuit, Plaintiff tendered same to USLI to obtain coverage.

7.  In his Verified Complaint, Guzman alleges to have suffered a "bodily injury" as a result of an "occurrence" that took place in the "coverage territory" as those terms are defined in the Policy.

8.  In his Verified Complaint, Guzman never once alleges that he was an employee, volunteer worker, temporary worker, or casual worker (as those terms are defined in the policy) for

3

any of the defendants; nor does Guzman aver that he was a contractor or a subcontractor (or employee of either eligible for workers compensation). *Id.*

9.  Indeed, as is common in personal injury pleadings, Guzman, in his Verified Complaint, make no mention of why he was actually there on the premises (i.e, in the coverage territory"), which just so happened to be vacant on the alleged date he was alleged to have been injured. *Id.*

10. Based on the foregoing, Cupsoul's timely submission of a claim for defense coverage/indemnification under the plain language of the terms in its insurance Policy should have resulted in an affirmance of coverage by Defendant, which Defendant is obligated to provide to Cupsoul under the Policy.

11. Indeed, on October 10, 2022 Plaintiff cooperated with and responded to an e-mail correspondence from an agent of Defendant by the name of Robert O'Hara. Plaintiff stated to Defendant, in sum and substance, that no agent, principal, or employee of Cupsoul knew or knows Guzman; noone hired him, or contracted him at any point in time.

12. Notwithstanding the foregoing, in late October 2022, Plaintiff received a letter from USLI stating, in sub and substance, that Defendant would deny coverage to the insured (Cupsoul) because the insurance policy agreement contained certain exclusions, which precluded coverage.

13. The Disclaimer Letter's coverage analysis was in clear error and was challenged by letter from the undersigned dated November 28, 2022, which sought, once again, for USLI to defend and indemnify it in the Lawsuit.

14. Eventually, Defendant opted to provide coverage, however inexplicably reaffirmed its denial of coverage - incorrect in its assessment of the facts underlying the alleged incident

4

Case 1:23-cv-09308-LGS   Document 2-3   Filed 10/23/23   Page 7 of 10

and the coverage terms set forth in Cupsoul's insurance policy agreement with Defendant, thereby breaching its contractual duties and obligations to Plaintiff.

15. Thus, an actual controversy currently exists between Cupsoul and USLI with respect to defense and indemnification of Cupsoul in the Lawsuit.

## AS AND FOR A FIRST CAUSE OF ACTION

16. Cupsoul repeats, reiterates and realleges each and every allegation set forth in Paragraphs 1 to 15 as though fully set forth at length herein.

17. Pursuant to the terms and conditions of the Policy, Defendant is under an obligation to not only defend but indemnify Cupsoul in the Lawsuit, but has failed and/or refused to do so.

18. Cupsoul, therefore, seeks a judgment in the form of a declaration that, USLI has, and at all relevant times had, a duty to not only defend but also indemnify Cupsoul under the terms of the Policy with respect to the Lawsuit.

19. Cupsoul has no adequate remedy at law.

## AS AND FOR A SECOND CAUSE OF ACTION

20. Cupsoul repeats, reiterates and realleges each and every allegation set forth in Paragraphs 1 to 20 as though fully set forth at length herein.

21. The Policy requires Defendant to indemnify and hold Cupsoul as the insured, harmless against claims for bodily injury in connection with occurrences in the coverage territory (i.e., Cupsoul's premises).

22. In the Lawsuit, Guzman is asserting claims to recover damages against Cupsoul for for bodily injury in connection with occurrences in the coverage territory (i.e., Cupsoul's premises).

5

23. Cupsoul, therefore, seeks a judgment in the form of a declaration that, USLI has, and at all relevant times had, a duty to not only defend but indemnify Cupsoul under the terms of the Policy with respect to the Lawsuit.

24. Cupsoul has no adequate remedy at law.

## AS AND FOR A THIRD CAUSE OF ACTION

25. Cupsoul repeats, reiterates and realleges each and every allegation set forth in Paragraphs 1 to 24 as though fully set forth at length herein.

26. The Policy requires Defendant to provide a defense to Cupsoul in connection with the Lawsuit.

27. Cupsoul, therefore, seeks a judgment in the form of a declaration that, USLI must reimburse Cupsoul for all defense costs incurred with its limited defense in the Lawsuit (until such time that Defendant assumed the defense of Cupsoul) and prosecution of this Lawsuit, with interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for a judgment as follows:

(i)    On the first cause of action, a judgment in the form of a declaration that, USLI has, and at all relevant times had, a duty to defend and indemnify Cupsoul under the terms of the Policy with respect to the Lawsuit;

(ii)   On the second cause of action, judgment in the form of a declaration that, USLI has, and at all relevant times had, a duty to defend and indemnify Cupsoul under the terms of the Policy with respect to the Lawsuit;

6

Case 1:23-cv-09308-AS   Document 2-3   Filed 10/23/23   Page 9 of 10

(iii)    On its third cause of action, judgment in the form of a declaration that, USLI must

reimburse Cupsoul for all defense costs incurred with its defense in the Lawsuit, with

interest, until such time as Defendant assumes the defense of Cupsoul;

(iv)    costs and disbursements associated with commencing and litigating this action,

including reasonable attorney's fees; and

(v)     such other further relief that this Court may deem just and equitable.

Dated: September 13, 2023

**TURTURRO LAW, P.C.**
/s/ Natraj S. Bhushan
Natraj S. Bhushan, Esq.
1361 N. Railroad Avenue
Staten Island, NY 10306
Tel.: (718) 384-2323
*Attorneys for Plaintiff*

7



FORM 2198
US POSTAGE PITNEY BOWES

ZIP 12257
02 4W
0000355173 SEP 22 2023

$ 000.87

New York State
Department of Financial Services
One Commerce Plaza DIVISION
Albany, New York 12257 PLAZA
ALBANY, NEW YORK 12257

Attn: Shelley Palma
United States Liabilty Insurance Company
1190 Devon Park Drive
Wayne, Pennsylvania 19087

1 9087 &22151